580 P.2d 1227

**The STATE of Arizona, Appellee,**

v.

**Charles McDANIEL, Appellant.**

**No. 2 CA–CR 1173.**

Court of Appeals of Arizona, Division 2.

April 20, 1978.

Rehearing Denied May 24, 1978.

Review Denied June 20, 1978.

John A. LaSota, Jr., Atty. Gen. by William J. Schafer III and R. Wayne Ford, Asst. Attys. Gen., Phoenix, for appellee.

M. E. White, Tucson, for appellant.

## OPINION

HATHAWAY, Judge.

Appellant was found guilty of child molesting with two prior convictions and was sentenced to serve not less than 20 nor more than 60 years in the Arizona State Prison.

Appellant was accused by the victim, a 7-year old girl, of molestation. On April 9, 1976, appellant was painting the exterior of a house owned by the family of the victim's friends. The friends, a 6-year old boy and a 7-year old girl, were playing in the yard with the victim at the time. The victim left the residence to go home and she testified that as she was walking home a man came along with her. She referred to him as "The man that was painting the house." She testified that ". . . then we went behind a bush by some apartments . . he licked my crotch and then he told me not to tell anyone . . . and then I went off and he stayed there . . ." The victim was found by her friends' mother walking along Ft. Lowell Road. She was taken home and the police were summoned. Later that afternoon, a police officer, the victim, her brother and her mother went to the friends' residence where appellant was in the front yard on a lawn chair. The victim identified appellant as the man who had molested her. At trial, the police officer, the victim's mother and the friends' mother testified as to the out-of-court identification but the victim could not identify appellant in the courtroom.

Appellant raises two points on appeal: (1) the trial court erred in not excluding all

testimony regarding the victim's out-of-court identification of appellant, and (2) the trial court erred in admitting testimony of the appellant's prior bad acts.

After a hearing to determine the reliability of the identification, the trial court found the procedures utilized to have been proper. The Supreme Court addressed the issue in *Neil v. Biggers,* 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972), and established factors to consider in determining the reliability of an extrajudicial identification procedure, stating that such evidence, although hearsay, is deemed reliable under the circumstances even though the procedure utilized may have been suggestive. The factors to consider are the opportunity of the witness to view the criminal, the witness' degree of attention, the accuracy of a prior description, the level of certainty of the identification at the confrontation and the time between the crime and the identification.

We have applied these factors to the circumstances before us and find that the identification was reliable. The victim had an opportunity to view the person who molested her during the molestation and during the period of time she spent at her friends' residence. There was testimony from the friends' mother that all three children were with or near appellant at the house and appellant had touched the victim's side during this period of time. The molestation and the time spent at the home was in daylight and the opportunity to view the perpetrator was for an extended period of time. We can also assume the degree of attention of the witness was reasonable in that she spent so much time with him at the residence. The accuracy of her prior description was without equivocation and the witness identified appellant as the perpetrator without hesitation. While it is true that the accuracy of her prior description was not total, she did identify appellant as the man who was painting the residence. Such description fits only appellant.

Finally, we note that while the assault occurred at approximately 3 p. m., the identification occurred around 5 p. m. Such two-hour period would certainly appear to be one in which the identification could be deemed to be immediate.[1] In *State v. Kevil,* 111 Ariz. 240, 527 P.2d 285 (1974), our Supreme Court briefly sketched the history of the problem confronting us, quoting the United States Supreme Court in *Gilbert v. California,* 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178 (1967), as noting:

> " '. . . The recent trend, however, is to admit the prior identification under the exception that admits as substantive evidence a prior communication by a witness who is available for cross-examination at trial. . . .' " 111 Ariz. at 245, 527 P.2d at 290.

And, it was noted in *State v. Taylor,* 99 Ariz. 151, 153, 407 P.2d 106, 107 (1965), that the Arizona courts do follow the modern rule outlined in *Gilbert* ". . . that an identification made prior to the trial is of greater significance than one made in the courtroom, and that testimony of one who has observed such an incident is fully admissible." As Justice Traynor wrote in *People v. Gould,* 54 Cal.2d 621, 7 Cal.Rptr. 273, 354 P.2d 865 (1960):

> ". . . evidence of an extra-judicial identification is admitted regardless of whether the testimonial identification is impeached, because the earlier identification has greater probative value than an identification made in the courtroom after the suggestions of others and the circumstances of the trial may have intervened to create a fancied recognition in the witness' mind. [citations omitted] The failure of the witness to repeat the extra-judicial identification in court does not destroy its probative value, for such failure may be explained by loss of memory or other circumstances. The extra-judicial identification tends to connect the defendant with the crime, and the principal danger of admitting hearsay ev-

---

1. *Neil v. Biggers,* supra, involved an identification after a 7-month delay.

idence is not present since the witness is available at the trial for cross-examination." [citations omitted]. 7 Cal.Rptr. at 275, 354 P.2d at 867.

We therefore find no error in the refusal to exclude the out-of-court identification of appellant by the victim on the day of the molestation.

■ The second point raised by appellant is that evidence of his "prior bad acts" should have been excluded. At trial, the two friends testified. The boy testified that he was touched in the genital area while fully clothed by the hands of the ". . . man who was painting your [the] house". The girl testified that the man who was painting the house "put his hand halfway under my dress" but did not touch her. As a general rule, evidence involving other bad acts of the accused is not admissible because of the questionable relevancy of the evidence and the prejudice to the defendant. *State v. McFarlin*, 110 Ariz. 225, 517 P.2d 87 (1973). However, an exception to the rule exists where the offense involved unnatural sexual conduct and the prior bad acts are sufficiently similar in nature and were committed near in time to the crime charged. *State v. Treadaway*, 116 Ariz. 163, 568 P.2d 1061 (1977); *State v. McFarlin*, supra. The offense before us certainly involves unnatural sexual conduct with child molesting being one of the specifically enumerated acts. There is also no question that the acts occurred in time proximity to the charged offense. The only question remaining then is whether the acts introduced at the trial were similar to the conduct charged.

In *State v. McFarlin*, supra, our Supreme Court outlined previous cases on the point. Its reasoning is particularly helpful for us.

"The rationale in the exclusionary rule concerning evidence of other bad acts or crimes is the prejudice to the accused and the questionable relevancy of such evidence to the offense charged. The exceptions to the exclusionary rule are general-

ly based on the strong relevancy of the evidence offered even though prejudicial to the defendant. II Wigmore on Evidence, 3rd Ed. § 216. The so-called 'lustful disposition' or 'emotional propensity' exception has been extended to questionable lengths. The application of the rule to all sex cases has been sharply criticized. As one court pointed out, the fact that one woman was raped is not substantial evidence that another did not consent. *Lovely v. United States*, 169 F.2d 386 (1948).

In those instances in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. The 'emotional propensity' exception is limited to those cases involving sexual aberration, but this is not to say that the other usual exceptions to the exclusionary rule cannot be used. It simply means that in addition to the usual exceptions there is in cases involving the charge of sexual aberration the additional exception of emotional propensity.

Applying the rule above stated it is clear that the evidence of other acts was admissible. The acts were similar, were committed within a period shortly before and after the offense charged, involved sexual aberation, [sic] and were offered in a case involving a charge of sexual aberration." 110 Ariz. at 228, 517 P.2d at 90.

■ The prior acts, then, do not have to be identical, but only similar in nature. We find that the acts in question here were similar to the offense charged and, as such, were admissible under the so-called "lustful disposition" exception.

We have reviewed the entire record for fundamental error and have found none.

Affirmed.

RICHMOND, C. J., and HOWARD, J., concur.