918 P.2d 1073

**STATE of Arizona, Appellee,**

v.

**Matthew R. GRAINGE, Appellant.**

**No. 1 CA–CR 95–0173.**

Court of Appeals of Arizona,
Division 1, Department E.

Feb. 29, 1996.

Review Denied June 19, 1996.

Grant Woods, Attorney General by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, and Rory L. Whipple, Assistant Attorney General, Phoenix, for Appellee.

Dean W. Trebesch, Maricopa County Public Defender by Garrett W. Simpson, Deputy Public Defender, Phoenix, for Appellant.

## OPINION

VOSS, Judge.

Matthew R. Grainge (appellant) appeals from his convictions on seven counts of sexual conduct with a minor, class 2 felonies and dangerous crimes against children; one count of child molestation, a class 2 felony and dangerous crime against children; and one count of furnishing obscene or harmful items to minors, a class 4 felony. We affirm.

## BACKGROUND

In March or April of 1994, appellant saw John, a fourteen-year-old boy who lived on the street, shoplifting soda. Appellant gave John one dollar and told him to buy the soda next time. Appellant also asked John if he would help appellant pack his belongings for appellant's upcoming move into a new apartment. After John helped appellant pack, appellant asked him if he would like to live with appellant. John said yes and slept on appellant's couch that evening. John awakened during the night to find appellant performing oral sex on him.

The next day, John helped appellant move into his new apartment. While living in the new apartment, at least six other incidents occurred during which appellant performed oral sex on John or appellant had John perform oral sex on him. Additionally, on at least two occasions, appellant touched John's penis with his hands. While John lived with appellant, appellant showed John and J.J., a thirteen-year-old boy and John's friend at the new apartment, explicit adult videos on several occasions, as well.

In early August of 1994, John told a neighbor, Tonya Totten, of the sexual conduct and molestations. Totten informed the Phoenix police. Detective Frank Sweeney interviewed appellant, John, and J.J. regarding the allegations, which appellant denied. The state charged appellant on August 26, 1994.

At the trial, in addition to the above incidents for which appellant was charged, witnesses described additional misconduct by appellant. J.J. said that appellant asked him and John to masturbate in front of appellant. After the boys did so, appellant asked John to perform oral sex on himself and John complied. J.J. also stated that appellant showed the boys adult videos. In addition to corroborating J.J.'s testimony, John stated that appellant owned a dildo on which he compelled John to simulate oral sex. John said that appellant sometimes played the adult videos during or immediately preceding their sexual conduct. Lastly, John testified that appellant supplied marijuana, which they smoked almost every day, and that appellant sometimes asked John to smoke marijuana immediately before or after they engaged in sexual conduct.

The jury returned guilty verdicts on all counts. The trial court sentenced appellant to the presumptive sentences, totalling 159.5 years incarceration, with seventeen years being served concurrently.

## DISCUSSION

### I. Evidence of Appellant's Other Bad Acts

Appellant argues that the trial court erroneously admitted evidence of the incident involving John and J.J. during which he asked the boys to masturbate and John to

perform oral sex on himself. Appellant also contends that evidence of his use of a dildo with John, his marijuana use with John, and his viewing of pornographic videos with the boys was erroneously admitted. We disagree.

■ Rule 404(b), Arizona Rules of Evidence, proscribes the use of evidence of prior bad acts to prove the character of a person "in order to show action in conformity therewith." Such evidence is admissible, however, if offered for other purposes. We will affirm the trial court's admission of prior act evidence if it is sustainable on any ground. *State v. Varela*, 178 Ariz. 319, 323, 873 P.2d 657, 661 (App.1993).

### A. Emotional Propensity Evidence.

■ Evidence of prior bad acts is admissible to show a propensity for sexual aberration. Our supreme court stated:

In those instances in which the offense charged involves the element of abnormal sex acts such as sodomy, child molesting, lewd and lascivious, etc., there is sufficient basis to accept proof of similar acts near in time to the offense charged as evidence of the accused's propensity to commit such perverted acts. The "emotional propensity" exception is limited to those cases involving sexual aberration, but this is not to say that the other usual exceptions to [Rule 404(b) ] cannot be used.

*State v. McFarlin*, 110 Ariz. 225, 228, 517 P.2d 87, 90 (1973).

This exception was applied in *State v. McDaniel*, 119 Ariz. 373, 580 P.2d 1227 (App. 1978), *cert. denied*, 439 U.S. 1119, 99 S.Ct. 1028, 59 L.Ed.2d 79 (1979). There, the defendant was charged with child molestation after he performed oral sex on a seven-year-old girl. The trial court allowed a six-year-old boy to testify that the defendant had touched the boy's genital area through the boy's clothes. Also permitted to testify was another seven-year-old girl who said that the defendant had put his hand half under her dress but did not touch her genital area. The court of appeals affirmed the conviction, noting that "prior acts, then, do not have to be identical, but only similar in nature." 119

Ariz. at 376, 580 P.2d at 1230. Both John and J.J. testified that appellant asked them to masturbate in front of him and, after they complied, asked John to perform oral sex on himself, which he did. John also testified that appellant had a dildo and that he asked John to simulate oral sex on it.

■ Appellant's requests regarding the use of the dildo and John performing oral sex on himself are very similar to the offenses charged (they all involve fellatio or simulated fellatio) and fit the *McFarlin* "emotional propensity" exception.[1] Considering *McDaniel,* the incident involving John and J.J. is also admissible. Like *McDaniel,* this incident included a child other than the complaining witness and a deviant act different than the charged offense. The evidence nevertheless is probative of appellant's emotional propensity for sexual behavior with teenage boys. Additionally, each of these prior bad acts is admissible as evidence of a plan under Rule 404(b). That is, appellant compelled John and J.J. to do these things in an effort to inculcate John.

This evidence was admissible under either theory of relevance.

### B. Evidence of Viewing Adult Videos and of Marijuana Use.

■ Testimony also indicated that appellant gave John and J.J. marijuana and viewed adult videos with them. Appellant argues that it was error to admit this evidence.

Viewing the videos with the boys goes directly to the charge of furnishing obscene or harmful items to minors, Arizona Revised Statutes Annotated section (A.R.S. § 13–3506, and was admitted properly.

The evidence of marijuana use was admissible as part of appellant's plan to seduce John. In *State v. Blackstead,* 878 P.2d 188 (Idaho App.1994), the defendant gave a minor marijuana and speed immediately before and after the first charged sexual offense. The defendant also gave the minor marijuana on one occasion several days after the first

charged sexual offense, but two to three weeks before the second charged sexual offense. *Id.* at 190. The Court of Appeals of Idaho held that evidence of the drug use immediately before and after the first charged sexual offense was admissible to show that the defendant used drugs to entice the victim or lower her resistance. The defendant's gift of drugs that occurred several days after the first sexual offense but weeks before the second charged sexual offense was a form of grooming and evidenced a continuing criminal design. That is, evidence of drug use showed that the defendant used drugs as part of his overall plan of sexual exploitation. *Id.* at 193–94.

Here, appellant gave John marijuana almost daily. Appellant sometimes asked John to smoke marijuana immediately before or after engaging in sexual conduct. This evidence was relevant to show the situation in which the ongoing crimes occurred and appellant's plan to lower John's resistance and to develop a permissive environment conducive to his schemes. We believe the evidence also shows the continued grooming of John. Although the first sexual conduct did not involve grooming, grooming can be a continuing process that fosters continued acquiescence to appellant's sexual crimes. *See Blackstead, supra.*

Evidence of appellant's drug use with John and J.J., and appellant's viewing of adult videos with the boys was admitted properly.

### II. Sufficiency of the Evidence for Count IX

■ Appellant next argues that the trial court abused its discretion when it denied his motion for acquittal because the state presented insufficient evidence to support his conviction for furnishing obscene or harmful items to minors. Specifically, appellant believes that the videos must have been provided to the jury so it could examine the material as a whole. *See* A.R.S. § 13–3501 (defining "harmful to minors"). We disagree.

---

**1.** All of the prior bad acts occurred between February and August 1994, so they are certainly close in time to the charged offenses.

In reviewing the denial of a motion for acquittal, we view the evidence in the light most favorable to sustaining the verdict and resolve all reasonable inferences against the defendant. *State v. Atwood,* 171 Ariz. 576, 596, 832 P.2d 593, 613 (1992), *cert. denied,* 506 U.S. 1084, 113 S.Ct. 1058, 122 L.Ed.2d 364 (1993). We will not disturb the jury's decision if substantial evidence supports it. *Id.* at 597, 832 P.2d at 514. We must determine whether John's and J.J.'s testimony regarding the contents of the videos was substantial evidence.

It is illegal to show minors, with knowledge of the character of the item involved, any item that is harmful to minors. A.R.S. § 13–3506. "Harmful to minors" is defined at A.R.S. § 13–3501 and requires the average adult to apply contemporary state standards with respect to what is suitable for minors. Among other things, the item must appeal to the prurient interest and lack serious literary, artistic, political, or scientific value for minors when taken as a whole. *Id.* Although the definition of "harmful to minors" closely mirrors the definition of "obscene," they are not identical. Finding an item to be harmful to minors calls for a particular examination applying the standard of an "average adult" regarding what is appropriate for minors. It is not the same as finding an item to be "obscene" and entirely undeserving of the protection of the First Amendment.[2] *See generally Miller v. California,* 413 U.S. 15, 23, 93 S.Ct. 2607, 2614, 37 L.Ed.2d 419 (1973) (obscene speech is not protected by the First Amendment); *Interstate Circuit, Inc. v. Dallas,* 390 U.S. 676, 690, 88 S.Ct. 1298, 1306, 20 L.Ed.2d 225 (1968) (state may regulate the dissemination to juveniles, and their access to, material harmful to them, but which the state could not regulate as to adults).

Here, the suspect videos were unavailable for trial, and the only available evidence of their content was the testimony of John and J.J. The boys' testimony corroborated one another's account of the videos' content and established that the videos contained graphic sex scenes. Of course, both boys were subject to cross-examination. With the videos unavailable, the jury found the boys credible and believed their depictions of the videos' content were accurate. Furthermore, the jury appropriately may determine that the videos were harmful to minors when taken as a whole based on the evidence presented.[3] *Cf. State v. Hummer,* 184 Ariz. 603, 911 P.2d 609 (App.1995) (state need not play entire video, and jury need not view entire video, to convict defendant of furnishing harmful items to minors).

Therefore, the trial court did not err when it denied appellant's motion for acquittal on the charge of furnishing obscene or harmful items to minors.

### CONCLUSION

In addition to the issues raised by appellant, we reviewed the entire record for fundamental error. Finding none, we affirm.

GERBER, P.J., and THOMPSON, J., concur.

---

2. We also note that the indictment stated that appellant furnished the boys with a video that was harmful to minors. The indictment did not state that the video was obscene.

3. Appellant's argument that the jury must view the entire video would provide similar defendants with ample opportunity to escape prosecution. Destruction of the material would foreclose conviction in any future cases.