NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SEAN M. TROTTER, *Appellant.*

No. 1 CA-CR 14-0005

FILED 1-22-2015

Appeal from the Superior Court in Apache County
No. S0100CR201100159
The Honorable Donna J. Grimsley, Judge

**AFFIRMED AS MODIFIED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Terry M. Crist
*Counsel for Appellee*

Law Offices of David Michael Cantor, Phoenix
By Elizabeth Mullins
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Samuel A. Thumma delivered the decision of the Court, in which Presiding Judge Margaret H. Downie and Judge Andrew W. Gould joined.

---

**T H U M M A**, Judge:

**¶1**          Sean M. Trotter appeals his convictions and sentences on two counts of sexual conduct with a minor under 15 years of age. Trotter contends the superior court erred by improperly admitting sexual propensity and other acts evidence, failing to question a prospective juror and failing to give credit for presentence incarceration. Finding no error, Trotter's convictions are affirmed and his sentences are affirmed as modified to reflect 159 days of presentence incarceration credit.

**DISCUSSION**

**¶2**          Trotter was charged by information with three counts of sexual conduct with a minor under 15 years of age, each a class 2 felony and dangerous crime against children. After a three-day jury trial, Trotter was convicted on Counts 1 and 2 and acquitted on Count 3. The superior court sentenced Trotter to two consecutive 13-year prison terms. From Trotter's timely appeal, this court has jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes (A.R.S.) sections 12-120.21(A), 13-4031 and -4033 (2015).[1]

**I.          Admission Of Sexual Propensity Evidence.**

**¶3**          Before trial, the State moved to admit evidence pursuant to Arizona Rule of Evidence (Rule) 404(c) to show Trotter had a character trait giving rise to an aberrant sexual propensity to commit the charged offenses. The evidence consisted of testimony by the victim's sister that, within approximately a year before the dates of the charged offenses and at a time when the victim's sister was 12 or 13 years old, Trotter had shown her a pornographic movie and later, while lying in bed with her,

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

slipped his hand inside her pajama bottoms and moved it close to her genitals. After an evidentiary hearing at which the victim's sister testified about Trotter's acts, the superior court ruled that the evidence would be admissible under Rule 404(c).

¶4            At trial, the victim's sister testified about Trotter's conduct with her. Unlike her testimony at the pretrial hearing, however, the victim's sister testified that the movie Trotter showed her was R-rated rather than pornographic. Trotter argues the superior court erred in admitting the testimony by the victim's sister, particularly in light of the change in her testimony about the nature of the movie. The admission of evidence under Rule 404(c) is reviewed for an abuse of discretion. *State v. Lehr*, 227 Ariz. 140, 147 ¶ 19, 254 P.3d 379, 386 (2011).

¶5            Before admitting evidence pursuant to Rule 404(c), the superior court must find each of the following:

> (A)     The evidence is sufficient to permit the trier of fact to find that the defendant committed the other act.
>
> (B)     The commission of the other act provides a reasonable basis to infer that the defendant had a character trait giving rise to an aberrant sexual propensity to commit the crime charged.
>
> (C)     The evidentiary value of proof of the other act is not substantially outweighed by danger of unfair prejudice, confusion of issues, or other factors mentioned in Rule 403[, taking into consideration enumerated factors].

Ariz. R. Evid. 404(c)(1). If Rule 404(c) evidence is admitted at trial, the court "shall instruct the jury as to the proper use of such evidence." Ariz. R. Evid. 404(c)(2); *State v. Garcia*, 200 Ariz. 471, 475–76 ¶ 27, 28 P.3d 327, 331–32 (App. 2001). As applied, the superior court did not abuse its discretion in admitting the evidence under Rule 404(c).

¶6            First, the testimony of the victim's sister showed by clear and convincing evidence that Trotter committed the acts with her. *See State v. Terrazas*, 189 Ariz. 580, 582, 944 P.2d 1194, 1196 (1997); *see also State v. Vega*, 228 Ariz. 24, 29 n.4 ¶ 19, 262 P.3d 628, 633 n.4 (App. 2011) (noting victim's testimony is sufficient basis on which to conclude by clear and convincing evidence that other incidents occurred). Trotter questions the

credibility of the victim's sister because of the change in her testimony about the nature of the movie, but "[t]he finder-of-fact, not the appellate court, weighs the evidence and determines the credibility of witnesses." *State v. Cid*, 181 Ariz. 496, 500, 892 P.2d 216, 220 (App. 1995) (citation omitted).

¶7        Second, given the nature of the acts and their similarity to Trotter's alleged acts towards the victim, the superior court properly could find that the acts provided a reasonable basis for concluding that Trotter has a character trait giving rise to an aberrant sexual propensity to commit the charged offenses. *See State v. McDaniel*, 119 Ariz. 373, 376, 580 P.2d 1227, 1230 (App. 1978) (holding evidence defendant put hand halfway up preteen's dress without actually touching genitals showed sexual aberration). Although Trotter's conduct with the victim's sister was not identical to that of the charged offenses, "[a]cts need not be perfectly similar in order for evidence of them to be admitted under Rule 404." *Lehr*, 227 Ariz. at 147 ¶ 21, 254 P.3d at 386. Such differences go to the weight of the evidence, not its admissibility. *State v. Roscoe*, 145 Ariz. 212, 218, 700 P.2d 1312, 1318 (1984).

¶8        While the trial testimony of the victim's sister that the movie was R-rated rather than pornographic varied from her pretrial testimony, this difference does not preclude admissibility under Rule 404(c). The State presented evidence of her prior description of the movie, and the jury could still find that it contained pornographic images. Moreover, the evidentiary value of this evidence was that it depicted explicit sexual scenes and Trotter, as a form of sexual grooming, insisted the victim's sister, who was only 12 or 13 at the time, watch it with him, notwithstanding that the movie made her uncomfortable.

¶9        Third, the superior court reasonably could find that the evidence was not subject to exclusion under Rule 403, which allows a superior court to exclude admissible evidence if the probative value is "substantially outweighed" by a danger of, among other things, unfair prejudice or confusion of the issues. Ariz. R. Evid. 403. Because the superior court "is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice," it has broad discretion in this decision. *State v. Connor*, 215 Ariz. 553, 564 ¶ 39, 161 P.3d 596, 607 (App. 2007) (citation omitted). On this record, the court did not abuse its discretion in ruling that the probative value of the testimony of the victim's sister was not substantially outweighed by the danger of unfair prejudice, confusion of the issues or any of the other prohibitions listed in Rule 403.

¶10 Finally, the superior court gave a proper limiting instruction regarding the Rule 404(c) evidence, directing the jurors "[y]ou may not convict the defendant of the crimes charged simply because you find that he committed [the other] acts or that he had a character trait that predisposed him to commit the crimes charged." *See* Ariz. R. Evid. 404(c)(2). There was no error in admitting the sexual propensity evidence.

## II. Admission Of Other Acts Evidence.

¶11 Trotter argues the superior court erred in admitting evidence of his possession of pornography, his computer searches for bestiality and teen pornography, his inappropriate "cuddling" of the victim and violence between him and his ex-wife. He claims this evidence should have been excluded as inadmissible "other acts evidence" pursuant to Rule 404(b), which provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," but may be admissible for other, non-propensity purposes. Ariz. R. Evid. 404(b). More specifically, Trotter claims the court abused its discretion in admitting this evidence because it was not relevant and was unfairly prejudicial and that the State did not prove by clear and convincing evidence that Trotter committed the alleged other acts.

¶12 In challenging this evidence for the first time on appeal, Trotter argues "[i]t simply cannot be said beyond a reasonable doubt, that the jury would have disbelieved [his] defense and convicted him of the charged crimes if the challenged evidence had never been admitted." That standard of review may apply when a timely objection to evidence erroneously is overruled. *State v. Valverde*, 220 Ariz. 582, 585 ¶ 11, 208 P.3d 233, 236 (2009) (citing cases). Trotter, however, made no such timely objection, meaning review on appeal is limited to fundamental error. *See* Ariz. R. Crim. P. 21.3(c); *State v. Henderson*, 210 Ariz. 561, 567 ¶¶ 19–20, 115 P.3d 601, 607 (2005). "Accordingly, [Trotter] 'bears the burden to establish that "(1) error exists, (2) the error is fundamental, and (3) the error caused him prejudice."'" *State v. James*, 231 Ariz. 490, 493 ¶ 11, 297 P.3d 182, 185 (App. 2013) (citations omitted). A defendant seeking to establish fundamental error must "affirmatively 'prove prejudice' and may not rely upon 'speculation' to carry his burden." *State v. Dickinson*, 233 Ariz. 527, 531 ¶ 13, 314 P.3d 1282, 1286 (App. 2013) (citation omitted).

¶13 Trotter neither argues nor proves that the alleged error in admitting the other acts evidence was fundamental or caused him prejudice. Accordingly, Trotter cannot show fundamental error resulting

in prejudice. *See James*, 231 Ariz. at 493 ¶ 11, 297 P.3d at 185. Moreover, on this record, Trotter has not shown the superior court abused its discretion in admitting this evidence without objection or that the State failed to prove the other acts by clear and convincing evidence.

**¶14**    Trotter argues that admitting evidence of a defendant's possession of adult pornography may be problematic when facing charges of possession of child pornography. *See State v. Coghill*, 216 Ariz. 578, 169 P.3d 942 (App. 2007). Trotter, however, was charged with sexual conduct with a minor, not possession of child pornography. Moreover, Trotter's possession of adult pornography was relevant to his grooming behavior, as was evidence of his inappropriate "cuddling" of the victim. Trotter's possession of adult pornography and computer searches also reinforced testimony by the victim's sister of Trotter watching a movie depicting explicit sexual scenes with her. Finally, evidence of violence between Trotter and his ex-wife goes to credibility. In short, although the superior court would have had the discretion to sustain a timely, proper objection to some of this evidence, no such objection was made and Trotter has not shown error that was fundamental resulting in prejudice by the admission of this other act evidence.

### III.    Failure To Speak With A Prospective Juror.

**¶15**    At the conclusion of *voir dire*, the superior court excused the prospective jurors from the courtroom to permit the parties to exercise their peremptory challenges. As the prospective jurors exited, the following exchange took place between an unidentified male and the superior court:

> MALE SPEAKER: Can I speak with you for one second?
>
> THE COURT: I'm sorry?
>
> MALE SPEAKER: Can I speak with you for one second?
>
> THE COURT: No, at this point we've already – we've already done that.

The male speaker, who Trotter assumes was a prospective juror, was never identified and did not further address the court.

¶16      Trotter claims the superior court erred in not conducting further inquiry about whatever the male speaker wanted to discuss. He asserts that, in failing to do so, the court may have permitted a biased juror to sit as a juror. Because Trotter failed to timely object, the review on appeal is for fundamental error. *Henderson*, 210 Ariz. at 567 ¶ 19, 115 P.3d at 607. Because Trotter failed to raise the issue with the superior court, the record does not indicate the identity of the speaker, what he wanted to discuss or whether he was seated as a juror. Consequently, on this record, Trotter cannot show prejudice required to obtain relief under fundamental error review. *See Dickinson*, 233 Ariz. at 531 ¶ 13, 314 P.3d at 1286.

## IV.    Presentence Incarceration Credit.

¶17      Trotter argues, and the State concedes, that he is entitled to 159 days of presentence incarceration credit to be applied against the sentence imposed on Count 1. *See* A.R.S. § 13–712(B). The record reflects that Trotter was held in custody for 159 days before sentencing. Accordingly, pursuant to A.R.S. § 13–4037(B), Trotter's sentence is modified to reflect 159 days of presentence incarceration credit to be applied against the sentence imposed on Count 1. *See State v. Stevens*, 173 Ariz. 494, 496, 844 P.2d 661, 663 (App. 1992).

## CONCLUSION

¶18      Trotter's convictions and sentences are affirmed as modified to reflect 159 days of presentence incarceration credit for Count 1.



Ruth A. Willingham · Clerk of the Court
FILED: ama