NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL AND
MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

JULIO CESAR GARCIA-MEZA, *Appellant*.

No. 1 CA-CR 13-0672

FILED 3-5-2015

Appeal from the Superior Court in Maricopa County
No.  CR2012-007431-001
The Honorable Teresa A. Sanders, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Eliza Ybarra
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Margaret M. Green
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Presiding Judge Jon W. Thompson delivered the decision of the Court, in which Judge Donn Kessler and Judge Kent E. Cattani joined.

---

**T H O M P S O N**, Judge:

**¶1**      Defendant Julio Cesar Garcia-Meza appeals from his convictions and sentences for twenty-five sex offenses committed against a minor victim. He argues the court fundamentally erred in permitting the state's expert to testify generally about child victims' different reactions to sexual abuse. Defendant also asserts the form of verdict for count 5 improperly reflected a crime for which he was not charged. Defendant further contends the court abused its discretion in giving the jury access to transcripts of his police interview and his confrontation call with the victim. Finally, defendant argues the court should have granted his motion for judgment of acquittal regarding the charge of furnishing obscene or harmful items to minors. For the following reasons, we affirm defendant's convictions and sentences.

### BACKGROUND

**¶2**      By an indictment filed June 21, 2012, the grand jury charged defendant with twenty-five sex-related offenses committed over approximately ten years beginning when the victim was six years old. Five of the charges were for molestation of a child, a class two felony and dangerous crime against children, and four of the charges were for sexual abuse, a class three felony and dangerous crime against children. *See* Ariz. Rev. Stat. (A.R.S.) §§ 13-1404 (2010) (sexual abuse), -1410 (2010)(molestation).

**¶3**      At the time of the alleged crimes, defendant's wife, the victim's nanny, lived with the victim's family. When defendant and his wife were first married, he would visit the victim and her family, and beginning when the victim was eight or nine years old, defendant spent every weeknight at the victim's home.

**¶4**      At some point after December 7, 2012 but before trial, the indictment was amended to renumber certain charges, including two that related to another minor victim. The amended indictment's caption also

changed the allegation of count 5 from sexual abuse to molestation of a child. The statutory violation and factual description of the allegation, however, remained unchanged:

**COUNT 5:**

JULIO CESAR GARCIA-MEZA, on or between the 19th day of June, 2002 and the 19th day of June, 2005, intentionally or knowingly engaged in any direct or indirect touching, fondling, or manipulating of any part of the female breast of [the victim], a minor under fifteen years of age, (to-wit: same incident as Count 4) in violation of A.R.S. §§ 13-1404, 13-1401, 13-3821, 31-281, 13-604.01, 13-702, 13-702.01, and 13-801.[1]

The record is silent as to both the rationale for amending the count and precisely when the amendment occurred.

¶5 On the first day of trial, the state moved to dismiss the two allegations regarding the other victim. Defendant consented to the dismissal, and the indictment was amended accordingly. The date range for count 5 was also changed from "on or between the 19th day of June, 2002 and the 19th day of June, 2005" to "on or between the 19th day of June, 2002 and the 19th day of June, 2004" but otherwise remained unchanged from its previous amendment. As reflected in the clerk's reading of the second amended indictment to the jury, count 5 cited to and tracked the language of A.R.S. § 13-1404, the sex abuse statute, while referring to molestation of a child in the caption. Defendant was tried on six counts of molestation of a child and three counts of sexual abuse in addition to the remaining counts.

¶6 Wendy Dutton, a forensic interviewer at Phoenix Children's Hospital, testified on behalf of the state regarding research of child sexual abuse and her experience working in the field. Knowing nothing about the circumstances of this case, Dutton provided expert testimony explaining such topics as the behavior patterns of child victims' and their diverse reactions to sexual abuse.

¶7 The state also introduced into evidence translated transcripts of defendant's police interview and a confrontation call between defendant and the victim (transcripts). Over defendant's objection, the court admitted

---

[1] Count 4 remained unchanged and alleged molestation that occurred at the victim's home between June 19, 2002 and June 19, 2004.

the transcripts into evidence. A prosecutor read them aloud to the jury, and the court allowed the jury to have access to the exhibits during deliberations.[2]

**¶8** Based on the evidence presented, including the victim's testimony, the court denied defendant's motion for judgment of acquittal. *See* Ariz. R. Crim. P. 20. Thereafter, the jury found defendant guilty on all counts. With respect to Count 5, the jury found defendant guilty of molestation of a child as reflected in the verdict form. The court imposed presumptive consecutive sentences, including three life terms. Defendant timely appealed. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) (20003), 13-4031 (2010), and -4033(A) (2010).

## DISCUSSION

### I. Dutton's Testimony

**¶9** Defendant argues the court committed fundamental error in permitting Dutton to testify. Specifically, defendant contends the testimony was unhelpful to the jury because Dutton stated that not all minor victims respond to sexual abuse in the same manner, and there are "no certainties . . . about this type of situation."[3]

**¶10** To obtain relief under fundamental error review, defendant has the burden to show that error occurred, the error was fundamental and he was prejudiced thereby. *See State v. Henderson*, 210 Ariz. 561, 567-68, ¶¶ 20-22, 115 P.3d 601, 607-08 (2005). "Before we may engage in a fundamental error analysis, however, we must first find that the trial court committed some error." *State v. Lavers*, 168 Ariz. 376, 385, 814 P.2d 333, 342, (1991).

**¶11** Arizona Rule of Evidence 702(a) provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if . . . the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue[.]

---

[2] A recording of the confrontation call was also played for the jury at trial.

[3] Defendant does not challenge Dutton's qualifications as an expert in child sex abuse.

¶12 Here, as noted, Dutton did not have any knowledge regarding the victim or as to the circumstances of the allegations against defendant. Defendant is correct that Dutton testified that almost any behavior could be consistent with being a child sexual abuse victim, but this assertion explains why such testimony was relevant. The victim's credibility here was a key issue at trial, and the state offered Dutton's testimony to dispel common misconceptions that child sexual abuse victims will always act or respond to abuse in the same manner.

¶13 For example, Dutton testified that child victims may have difficulty recalling specific details of abuse incidents if they dissociate themselves from the sexual acts as the abuse is occurring. Dutton also explained that child victims may experience learned helplessness causing them to not "recognize avenues of escape," and they may delay disclosing the abuse out of fear the "family will fall apart" or the perpetrator "will be put in jail." The victim testified "it's kind of hard to pinpoint [specific instances of abuse]." Also, the victim testified that she did not begin disclosing the ongoing abuse until she was sixteen years old because she "felt trapped" and wanted to protect defendant and his wife, both of whom she considered to be members of the family.

¶14 Therefore, Dutton's opinions were properly admitted to help the jury understand the victim's testimony and evaluate her credibility. Accordingly, Dutton's expert testimony satisfied Rule 702(a), and no error, fundamental or otherwise, occurred. *See State v. Salazar-Mercado*, 234 Ariz. 590, 594, ¶ 15, 325 P.3d 996, 1000 (2014) (holding Dutton's "cold expert" testimony satisfied Rule 702(a) because it "might have helped the jury to understand possible reasons for the delayed and inconsistent reporting").

## II. Conviction on Count 5

¶15 Defendant contends he was improperly convicted for molestation on count 5 because the second amended indictment's narrative factual statement describes that count as sexual abuse, not molestation of a child. *See* A.R.S. § 13-1404(A) ("A person commits sexual abuse by intentionally or knowingly engaging in sexual contact . . . with any person who is under fifteen years of age if the sexual contact involves only the female breast."); *compare* A.R.S. § 13-1410 ("A person commits molestation of a child by intentionally or knowingly engaging in or causing a person to engage in sexual contact, except sexual contact with the female breast, with a child who is under fifteen years of age."). In response, the state argues the conviction was proper because the amended indictments list count 5 as molestation of a child in the captions, defendant and counsel were aware of

the amended charge, and defendant consented to the amendment. Further, the state argues defendant is precluded from challenging the amended indictment on appeal because he did not raise the issue in superior court as required by Arizona Rule of Criminal Procedure 13.5 (Rule 13.5). Defendant did not object to the amendment, thus we review for fundamental error. *Henderson*, 210 Ariz. at 567, ¶ 19, 115 P.3d at 607; *compare State v. Freeney*, 223 Ariz. 110, 115-16, ¶ 31, 219 P.3d 1039, 1044-45 (2009) (holding harmless error review applies when defendant objects to amendments to an indictment).

¶16        Rule 13.5 provides, in relevant part:

> **b. Altering the Charges; Amendment to Conform to the Evidence.** The preliminary hearing or grand jury indictment limits the trial to the specific charge or charges stated in the magistrate's order or grand jury indictment. The charge may be amended only to correct mistakes of fact or remedy formal or technical defects, *unless the defendant consents to the amendment.* The charging document shall be deemed to conform to the evidence adduced at the court proceeding.
>
> . . .
>
> **e. Defects in Charging Document.** No issue concerning a defect in the charging document shall be raised other than by a motion filed pursuant to Rule 16.

(Emphasis added). Defendant failed to object to the amendment pursuant to Rules 13.5(e) and Rule 16, but furthermore, Rule 13.5 allowed the trial to proceed on the molestation charge based on the agreement of the parties, including defendant. During a discussion about the verdict forms, the following exchange took place between the judge and the attorneys:

> THE COURT: Count 5 is a Child Molest. We don't have to make any special findings regarding that.
>
> [THE PROSECUTOR]: Count 5 is Sexual Abuse.

6

> THE COURT: I have got [count] 5 as Child Molestation.
>
> [DEFENSE ATTORNEY]: On the newer indictment.

Because defendant consented to the amendment and the jurors were correctly instructed on the elements of molestation, we find no error, fundamental or otherwise.

## III. Jury's Access to Transcripts

**¶17** Defendant argues the court abused its discretion by allowing the jury access to the transcripts during deliberations because the transcripts were read to the jury at trial. He further asserts the court should have admonished the jury not to place undue emphasis on this evidence. We disagree.

**¶18** Defendant cites no authority for the proposition that a court should be prohibited from admitting into evidence, and allowing a jury to consider, exhibits of recorded statements made outside of trial. Instead, he relies on an Arizona case that prohibits recordings of *trial testimony* from being available to the jury during deliberations. *See State v. Jovenal*, 117 Ariz. 441, 444, 573 P.2d 515, 518 (App. 1977) (holding submission to jury of trial testimony transcript violates Ariz. R. Crim. P. 22.3).

**¶19** Subject to the trial court's discretion, jurors are required to take with them to deliberations tangible evidence admitted at trial. Ariz. R. Crim. P. 22.2(d). *State v. Ferreira*, 152 Ariz. 289, 294, 731 P.2d 1233, 1238 (App. 1986) ("If the jurors are to accomplish their function of evaluating evidence properly admitted they ought not be prohibited from scrutinizing exhibits, even if their inquiry is more critical than that conducted in open court. So long as the inquiry does not differ in character from that made when the evidence was offered, the jury's examination does not subject defendant to any risks of inculpation against which he has not already had opportunity to protect himself.") (citation omitted); *State v. Snowden*, 138 Ariz. 402, 404-05, 675 P.2d 289, 291-92 (App. 1983) ("The trial judge is given the discretion to determine which exhibits shall go with the jury for good reasons. The judge has seen and heard the witnesses and is familiar with all the exhibits. In such instances, we will not substitute our judgment for that of the trial court since the decision involves consideration of all these matters.") (citation omitted).

**¶20**        Applying this rule, Arizona courts have repeatedly upheld the right of deliberating jurors to review videotapes, audiotapes, and transcripts of recordings admitted into evidence.  *See State v. Lichon*, 163 Ariz. 186, 193, 786 P.2d 1037, 1044 (App. 1989) (videotapes); *Snowden*, 138 Ariz. at 404, 675 P.2d at 291 (audiotape); *State v. Kennedy*, 122 Ariz. 22, 27, 592 P.2d 1288, 1293 (App. 1979) (transcripts of taped confession).   Because defendant made inculpatory statements during the police interview and the confrontation call, the transcripts were properly admitted into evidence as an admission by a party-opponent. *See* Ariz. R. Evid. 801(d)(2). Accordingly, the trial court did not abuse its discretion in allowing the transcripts go to the deliberating jurors.  *Snowden*, 138 Ariz. at 404-05, 675 P.2d at 291-92.

**¶21**        We do not address whether the court reversibly erred in failing to admonish the jury regarding the appropriate weight to afford the transcripts.  Defendant did not request such an instruction, and he does not argue the court committed fundamental error.  *See* Ariz. R. Crim. P. 21.3(c) ("No party may assign as error on appeal the court's . . . failing to give any instruction . . . unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which the party objects and the grounds of his or her objection.");  *See State v. Moreno-Medrano*, 218 Ariz. 349, 354, ¶¶ 16-17, 185 P.3d 135, 140 (App. 2008) (declining to review for fundamental error when appellant failed to raise claim in trial court and failed on appeal to address whether alleged error was fundamental).

**IV.**    Rule 20 Motion

**¶22**        Defendant argues the court erred in denying his Rule 20 motion on the charge for furnishing harmful items to minors because the state presented no evidence of harmfulness.  We review de novo a trial court's denial of a Rule 20 motion.  *State v. Bible*, 175 Ariz. 549, 595, 858 P.2d 1152, 1198 (1993).

**¶23**        A motion for judgment of acquittal must be granted when "there is no substantial evidence to warrant a conviction." Ariz. R. Crim. P. 20(a). "'Substantial evidence' is evidence that reasonable persons could accept as adequate and sufficient to support a conclusion of defendant's guilt beyond a reasonable doubt." *State v. Jones*, 125 Ariz. 417, 419, 610 P.2d 51, 53 (1980).  We will not reverse the superior court's denial of a motion for a judgment of acquittal or a jury's guilty verdict unless there is a complete absence of probative facts supporting the defendant's conviction. *State v. Johnson*, 215 Ariz. 28, 29, ¶ 2, 156 P.3d 445, 446 (App. 2007); *State v. Miles*, 211 Ariz. 475, 481, ¶ 23, 123 P.3d 669, 675 (App. 2005).

**¶24** The offense of furnishing harmful items to minors prohibits "any person, with knowledge of the character of the item involved, to . . . show . . . to minors any item that is harmful to minors." A.R.S. § 13–3506 (2010). "Harmful to minors" is defined to include items that appeal to the prurient interest in a patently offensive way without having any serious literary, artistic, political or scientific value for minors and includes depictions of sexual activity or conduct. A.R.S. § 13–3501 (2010). "Finding an item to be harmful to minors calls for a particular examination applying the standard of an 'average adult' regarding what is appropriate for minors. It is not the same as finding an item to be 'obscene' and entirely undeserving of the protection of the First Amendment." *State v. Grainge*, 186 Ariz. 55, 59, 918 P.2d 1073, 1077 (App. 1996). In making this determination, the fact finder applies "contemporary state standards with respect to what is suitable for minors." *State v. Hummer*, 184 Ariz. 603, 607, 911 P.2d 609, 613 (App. 1995) (citing A.R.S. § 13–3501(1)(a)).

**¶25** Here, the victim testified defendant showed her a video depicting "a man sitting there and the girl kneeling in front of him giving oral sex to his penis." Defendant admitted in his police interview that he showed the victim a pornographic video before throwing the video away. A reasonable juror could conclude from this testimony that the video defendant showed to the victim was inappropriate for children. Thus, the evidence was sufficient to withstand defendant's Rule 20 motion. *See Grainge*, 186 Ariz. at 59, 918 P.2d at 1077. And, contrary to defendant's assertion, the video's unavailability at trial does not change this result. *See id.*

## CONCLUSION

**¶26** Defendant's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: ama