NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

TEODORO GOMEZ-TORRES, *Appellant.*

No. 1 CA-CR 14-0761
FILED 10-22-2015

Appeal from the Superior Court in Mohave County
No. S8015CR201301013
The Honorable Derek C. Carlisle, Judge *Pro Tem*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Dawn Bergin[1] joined.

---

**G O U L D**, Judge:

**¶1**        Teodoro Gomez-Torres (Defendant) appeals his convictions and resulting sentences for child molestation, sexual abuse, and four counts of aggravated assault. The convictions were based on evidence Defendant engaged in sexual misconduct with two grandchildren under the age of fifteen on multiple occasions. Defendant argues that the trial court erred by admitting improper other-act evidence and refusing to instruct on the defense of lack of sexual motivation or interest. Defendant also argues that the evidence was insufficient to support the convictions for aggravated assault. For reasons that follow, we affirm.

**DISCUSSION**

*A.  Other-Act Evidence*

**¶2**        At trial, the State presented evidence in regards to the child molestation and sexual abuse counts that Defendant touched the vagina of one victim and had the second victim rub his penis through his clothing. With respect to the four counts of aggravated assault, the State presented evidence that Defendant "French-kissed" and licked the inside of the ear of one victim and sucked on the toes of the other on two separate occasions. The State further presented "other-act" evidence in the form of testimony from an adult grandchild that, when she was a minor, Defendant kissed her in the same manner as he was charged with doing to one of the victims.

**¶3**        Defendant did not object to the admission of the other-act evidence. During settlement of jury instructions, however, the trial court raised the question of whether a Rule 404(c) sexual propensity instruction was appropriate given that the other-act evidence did not show Defendant had an aberrant sexual propensity to commit the offenses charged. In

---

[1]        Pursuant to Article VI, Section 3 of the Arizona Constitution, the Arizona Supreme Court designated the Honorable Dawn Bergin, Judge of the Maricopa County Superior Court, to sit in this matter.

response to the trial court's comments, Defendant moved to strike the other-act evidence as inadmissible under Rule 404(c). After argument on the motion, the trial court denied the motion to strike, ruling that the other-act evidence was relevant for a proper purpose under Rule 404(b) and rejecting Defendant's argument that the evidence should be precluded as unfairly prejudicial under Rule 403. We review admission of other-act evidence under Rule 404(b) for abuse of discretion. *State v. Gulbrandson*, 184 Ariz. 46, 63 (1995).

**¶4** Rule 404(b) provides that "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Such other-act evidence "may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Ariz. R. Evid. 404(b). When other-act evidence "is offered for a non-propensity purpose, it may be admissible under Rule 404(b), subject to Rule 402's general relevance test, Rule 403's balancing test, and Rule 105's requirement for limiting instructions in appropriate circumstances." *State v. Ferrero*, 229 Ariz. 239, 242, ¶ 12 (2012). In addition, the State must prove by clear and convincing evidence the other act occurred and the defendant committed the act. *State v. Terrazas*, 189 Ariz. 580, 584 (1997).

**¶5** There was no abuse of discretion by the trial court in denying the motion to strike the other-act evidence. Clear and convincing evidence of the other act was presented in that the adult grandchild kissed by Defendant testified to the act. *See State v. Vega*, 228 Ariz. 24, 29 n.4 (App. 2011) (noting uncorroborated testimony by victim is sufficient to establish proof beyond a reasonable doubt that an incident occurred). Moreover, in light of the nature of the act, the trial court could reasonably conclude that the other-act evidence was relevant under Rule 402 for the non-character purposes to proving Defendant's intent and lack of mistake or accident in the commission of the charged act of assaulting the victim by kissing her. *See* Ariz. R. Evid. 401 (defining "relevant evidence"); *State v. Oliver*, 158 Ariz. 22, 28 (1988) (observing "standard of relevance is not particularly high").

**¶6** Further, the trial court found that the evidence was not subject to preclusion under Rule 403. "Because the trial court is in the best position to balance the probative value of challenged evidence against its potential for unfair prejudice, the trial court has broad discretion in this decision." *State v. Connor*, 215 Ariz. 553, 564, ¶ 39 (App. 2007) (citation and internal quotation marks omitted). "Evidence is unfairly prejudicial only if it has an undue tendency to suggest a decision on an improper basis such as

emotion, sympathy, or horror." *Gulbrandson*, 184 Ariz. at 61. The trial court acted well within its discretion in this decision given that the other act involved only a kiss and therefore "did not pose a substantial danger of unfair prejudice or confusion of the issues." *Vega*, 228 Ariz. at 30, ¶¶ 22-24.

¶7 Finally, the trial court gave a limiting instruction pursuant to Rule 105 on proper use of the other-act evidence by the jury. Because the other-act evidence satisfied all the requirements for admission as non-propensity evidence under Rule 404(b), the trial court did not err in denying Defendant's motion to strike the evidence.

### B. Sexual Motivation Instruction: Sex Abuse and Child Molestation

¶8 As to his convictions for child molestation and sex abuse, Defendant argues the trial court erred by refusing to give an instruction on his defense of lack of sexual motivation or interest. It is a defense to a prosecution for child molestation or sexual abuse that the defendant was not motivated by a sexual interest. Ariz. Rev. Stat. ("A.R.S.") § 13–1407(E) (West 2015).[2]

¶9 A party is entitled to a jury instruction on any theory of the case reasonably supported by the evidence. *State v. Bolton*, 182 Ariz. 290, 309 (1995). When making this assessment, the question is whether the evidence, viewed in the light most favorable to the proponent, supports giving the instruction. *State v. King*, 225 Ariz. 87, 90, ¶ 13 (2010). The "slightest evidence" is sufficient. *Id.* at ¶ 14. However, the instruction should not be given "unless it is reasonably and clearly supported by the evidence." *State v. Ruggiero*, 211 Ariz. 262, 264-65, ¶ 10 (App. 2005) (quoting *State v. Walters*, 155 Ariz. 548, 553 (App. 1987)); *see also State v. Strayhand*, 184 Ariz. 571, 587–88 (App. 1995) (holding instruction required if there is "evidence upon which the jury could rationally sustain the defense"). The slightest evidence—not merely an inference making an argument possible—is required because speculation cannot substitute for evidence. *In re Harber's Estate*, 102 Ariz. 285, 294 (1967); *State v. Almaguer*, 232 Ariz. 190, 197, ¶ 19 (App. 2013).

¶10 Defendant's defense at trial on the child molestation and sex abuse counts was that the victims were lying. Defendant never suggested or implied in his trial testimony that it was possible he touched the victims in the manner that they testified or that such touching was accidental or

---

[2]     We cite the current version of a statute when no revisions material to this decision have occurred since the relevant date.

otherwise innocent. To the contrary, Defendant was adamant that he never did the alleged acts on which the charges of child molestation or sexual abuse were based. Because there was no evidence that would reasonably support a defense of lack of sexual motivation or interest, there was no error by the trial court in refusing to instruct on the defense. *State v. Simpson*, 217 Ariz. 326, 330, ¶ 23 (App. 2007).

**¶11** Defendant raises for the first time in his reply brief the issue of whether the State or the defendant bears the burden of proof on the defense of lack of sexual motivation or interest set forth in A.R.S. § 13-1407(E). There have been conflicting decisions issued by different departments of this court regarding this question. *Compare State v. Holle*, 721 Ariz. Adv. Rep. 15, ¶ 26 (App. Sep. 26, 2015) (once defendant satisfies burden of production to raise defense, State has burden of proving beyond a reasonable doubt that defendant's conduct was motivated by a sexual interest) with *Simpson*, 217 Ariz. at 329, ¶ 19 (defendant has burden of proving defense by preponderance of evidence). Given our conclusion that there was no evidence presented to support a defense of lack of sexual motivation or interest, it is unnecessary to address the issue of who bears the ultimate burden of proof in regards to the defense.

### C. *Sufficiency of Evidence*

**¶12** Defendant argues there was insufficient evidence to support the convictions for aggravated assault. We review claims of insufficient evidence *de novo*, viewing the evidence in the light most favorable to upholding the verdict. *State v. Bible*, 175 Ariz. 549, 595 (1993).

**¶13** In considering claims of insufficient evidence, this court's review is limited to whether substantial evidence supports the verdicts. *State v. Scott*, 177 Ariz. 131, 138 (1993); *see also* Ariz. R. Crim. P. 20(a) (requiring trial court to enter judgment of acquittal "if there is no substantial evidence to warrant a conviction"). "Substantial evidence is proof that reasonable persons could accept as sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." *State v. Spears*, 184 Ariz. 277, 290 (1996). "Evidence may be direct or circumstantial, but if reasonable minds can differ on inferences to be drawn therefrom, the case must be submitted to the jury." *State v. Landrigan*, 176 Ariz. 1, 4 (1993). This court will reverse a conviction for insufficient evidence only if "there is a complete absence of probative facts to support [the jury's] conclusion." *State v. Mauro*, 159 Ariz. 186, 206 (1988).

¶14 Defendant was charged with aggravated assault in violation of A.R.S. §§ 13-1203(A)(3) and 13-1204(A)(6). As charged in this case, to convict Defendant of aggravated assault, the State was required to prove that he knowingly touched the victims "with the intent to . . . provoke." A.R.S. § 13-1203(A)(3). Defendant contends the evidence was insufficient to sustain the State's burden because there was no evidence that he had the requisite intent to "provoke" when he "French-kissed" and licked the ear of one victim and sucked on the toes of the other. We disagree.

¶15 The term "provoke" is not defined by statute. "In the absence of statutory definitions, we give words their ordinary meaning." *State v. Cox*, 217 Ariz. 353, 356, ¶ 20 (2007); *see also* A.R.S. § 1-213 (undefined words must "be construed according to the common and approved use of the language"). "Provoke" is commonly defined to include "to excite to some action or feeling" and "to anger, irritate, or annoy." Webster's New World College Dictionary 1155-56 (4th ed. 2000).

¶16 During his trial testimony, Defendant acknowledged that the non-consensual act of touching another person with one's mouth or tongue would elicit a negative reaction or feelings from the other person. In responding to testimony that he kissed one of the victims, Defendant denied doing so and claimed that the victim was the one who had kissed him. Defendant further testified that he considered the victim's conduct "inappropriate and repulsive because I felt offended." In addition, evidence was presented that when interviewed by the police about the victims' allegations, defendant stated that he "knew he had crossed a line." Given this evidence, the jury could reasonably find that Defendant knew that his actions of kissing, licking, and sucking on the victims would "excite some action or feeling" or otherwise "anger, irritate or annoy" the victims and that he therefore acted with the "intent to provoke" when he engaged in such conduct. *See State v. Bearup*, 221 Ariz. 163, 167, ¶ 16 (2009) ("Criminal intent, being a state of mind, is shown by circumstantial evidence. Defendant's conduct and comments are evidence of his state of mind.") (citation omitted).

¶17 We disagree with Defendant's contention that because the State asserted his conduct was a form of sexual grooming that it cannot be intended to provoke. "Grooming" in molestation cases is a process that seeks to foster continued acquiescence in an offender's sexual crimes. *State v. Grainge*, 186 Ariz. 55, 58 (App. 1996). It takes many forms and includes behavior that blurs the normal boundaries that children have about their bodies so that a victim becomes more comfortable with physical contact by the perpetrator in order to have the victim accept more intimate sexual

conduct. In short, grooming of this type is designed to make a victim more accepting of conduct to which the victim would initially find uncomfortable. The fact that Defendant's conduct of engaging in the non-consensual touching of the victims with his mouth may have been directed at making the victims comfortable with more intimate conduct does not negate the natural effect the unwanted touching has in causing the normal negative feelings expected from such touching. Indeed, the causing of such feelings and getting the victim to be accepting of them is part and parcel to building up a victim's tolerance to the inappropriate touching. On this record, there was substantial evidence to support the convictions for aggravated assault.

**CONCLUSION**

¶18　　　　For the foregoing reasons, we affirm Defendant's convictions and sentences.



Ruth A. Willingham · Clerk of the Court
FILED : ama